# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | Chapter 11 |
| **MID-STATES SUPPLY COMPANY, INC.,** | Case No. 16-40271 (can) |
| Debtor. | |

## ORDER APPROVING PROCEDURES FOR THE SOLICITATION OF OFFERS FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND RELATED RELIEF

At a hearing on March 14 and 15, 2016 (the "Bid Procedures Hearing"), this Court considered the Supplemental Motion (the "Supplemental Motion") to Approve the Sale of Substantially All of Its Assets Free and Clear of All Liens, Interests, Claims and Encumbrances, and Related Procedures and Bid Protection Pursuant to 11 U.S.C. § 363 and Related Relief Pursuant to 11 U.S.C. §§ 102 and 105 (the "Sale Motion")[1] filed by Debtor. Based on the arguments and evidence at the Bid Procedures Hearing, the Court hereby finds and determines that:

1.  The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  As reflected in the Certificate of Service [Doc. No. 183] filed with respect to the Bid Procedures Hearing, notice of the Supplemental Motion and of the Bid Procedures Hearing was served on the Interested Parties as required by the Order Limited Notice and Establishing Notice Procedures (the "Notice"). The Notice is reasonable and sufficient in light of the

---

[1] Capitalized terms that are not defined herein shall have the meanings given to them in the Bid Procedures or the Supplemental Motion.

circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion for the Bid Procedures Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

3. Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion. Such good and sufficient reasons were set forth in the Motion and on the record at the Bid Procedures Hearing and are incorporated by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

4. The Stalking Horse APA, along with Amendment No. 1, which was provided to the Court and all parties interest who entered their appearance at the Bid Procedures Hearing (now, the Stalking Horse APA) attached as **Exhibit A**, is fair, reasonable and appropriate and is designed to maximize the value of Debtor's estate.

5. The Bid Procedures attached as **Exhibit B** are fair, reasonable and appropriate and are designed to maximize the value of Debtor's estate.

6. The service of the Transaction Notice attached as **Exhibit C** is adequate and reasonably calculated to provide due, proper, and timely notice to all interested parties of, among other things, the entry of this Order, the Bid Procedures, the Auction (if required under the Bid Procedures), the Sale Hearing, the Sale Motion, the Supplemental Motion, the proposed Transaction(s), including the sale of Debtor's estate's right, title and interest in, to and under the assets free and clear of any and all liens, claims, encumbrances, and interests, and the procedure for objecting thereto. Except as otherwise set forth herein, no other or further notice is necessary.

7. The procedure for objecting to the Transaction(s) is fair, reasonable and appropriate.

8. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

a. The Supplemental Motion is **GRANTED** as set forth herein.

b. All objections to the relief requested in the Supplemental Motion, if any, that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing are denied and overruled in their entirety on the merits.

c. Specifically, Direct Capital Corporation's objections to the proposed Bid Procedures and to the proposed Bid Procedures Order [Doc. No. 185], which were joined by TCF Equipment Finance and Ford Motor Credit Company, are overruled. The individual objections of TCF Equipment Finance [Doc. No. 149] and Ford Motor Credit Company [Doc. No. 114] are also overruled.

d. The Stalking Horse APA is fair, reasonable and appropriate and is designed to maximize the value of Debtor's estate.

e. Debtor's selection of the Stalking Horse Bidder is fair, reasonable and appropriate and is designed to maximize the value of Debtor's estate.

f. The Bid Procedures are fair, reasonable and appropriate and are designed to maximize the value of Debtor's estate.

g. The Bid Protections are fair, reasonable and appropriate and are designed to maximize the value of Debtor's estate, and the Stalking Horse Bidder shall have the right to include the value of the Bid Protections as part of any overbid it makes at the Auction.

h. Debtor is hereby authorized to pay any and all such amounts owing to the Stalking Horse Bidder on account of the Bid Protections, including any documented professional fees, in accordance with the terms of the Stalking Horse APA without further action or order by the Court.

i. The Bid Protections (if payable under the Stalking Horse APA in accordance with its terms and the terms of this Order) shall be an allowed administrative expense claim in Debtor's Chapter 11 case pursuant to Code §§ 503(b)(1) and 507(a)(2) senior to all other administrative expense claims.

j. No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fee, "topping," termination, or other similar fee or payment, and by submitting a Bid, such person or entity is deemed to have waived its right to request or file with this Court any request for expense reimbursement or any fee of any nature, whether by virtue of Code § 503(b) or otherwise.

k. Debtor may proceed with the Transaction(s) in accordance with the Bid Procedures, which procedures are hereby approved in their entirety in the form attached as Exhibit A. However, the consummation of the sale of the assets (as provided in the Stalking Horse APA) shall remain subject to the entry of an Order granting the Supplemental Motion.

l. Potential Bidders must comply with all terms of the Bid Procedures in order to participate in the bidding process. All Bids must satisfy all of the requirements contained in the Bid Procedures.

m. The Stalking Horse Bidder is deemed a Qualified Bidder, and the Stalking Horse APA is deemed a Qualified Bid.

n. Debtor, in consultation with the Investment Banker, Wells Fargo and the Committee, is authorized and directed to take any and all actions necessary or appropriate to implement the Bid Procedures. The process for submitting Qualified Bids is fair, reasonable and appropriate and is designed to maximize recoveries for the benefit of Debtor's estate, its creditors and other parties in interest. Any disputes as to the selection of a Qualified Bid, Initial Highest Bid and/or Successful Bid shall be resolved by this Court.

| Event | Date and Time (if applicable) |
|---|---|
| Transaction Notice | Within 3 days of the entry of the Bid Procedures Order |
| Bid Deadline | April 8, 2016, 5:00 p.m. prevailing Central Time |
| Auction | April 11, 2016, 10:00 a.m. prevailing Central Time |
| Sale Hearing Objection Deadline | April 12, 2016, 11:59 p.m. prevailing Central Time |
| Sale Hearing | April 13, 2016, 9:30 a.m. prevailing Central Time |

o. Any person desiring to submit a Bid for the assets must comply with the Bid Procedures and shall not be permitted to participate at the Auction unless such person

is an Auction Participant or is otherwise permitted to participate at the Auction under the Bid Procedures.

p.   If Debtor does not receive any Qualified Bids (other than the Stalking Horse APA): (i) Debtor will not hold the Auction and (ii) the Stalking Horse Bidder will be deemed the Successful Bidder for the Acquired Assets.

q.   If a Qualified Bid (other than the Stalking Horse APA) has been submitted for the assets in accordance with the Bid Procedures, Debtor will conduct the Auction on April 11, 2016, at 10:00 a.m., prevailing Central time, at the offices of Spencer Fane LLP, 1000 Walnut, Suite 1400, Kansas City, Missouri 64106 or at such later time or other place as agreed by Debtor, with the prior written consent of the Stalking Horse Bidder, and after consultation with the Investment Banker, Wells Fargo and the Committee, or approved by Order of the Court, and of which the Investment Banker will notify all Qualified Bidders who have submitted Qualified Bids.

r.   The Sale Hearing to consider the Supplemental Motion shall be held April 13, 2016 at 9:30 a.m. in the Courtroom 6A before the Honorable Cynthia A. Norton, United States Bankruptcy Judge, at the United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Kansas City, Missouri.

s.   Objections, if any, to the Supplemental Motion shall be filed on the docket of the Bankruptcy Court and served such that each objection is actually received by the following parties on or before 11:59 p.m., prevailing Central time on April 12, 2016 (the "Objection Deadline"): (a) counsel for Debtor, Lisa A. Epps, Spencer Fane LLP, 1000 Walnut, Suite 1400, Kansas City, MO 64106, lepps@spencerfane.com; (b) counsel to Wells Fargo Bank, N.A., Mark V. Bossi, Thompson Coburn LLP, 505 N. 7th Street, Suite 3500, St. Louis, MO 63101, mbossi@thompsoncoburn.com; (c) counsel for the Official Committee of Unsecured Creditors, Marcus A. Helt, Gardere Wynne Sewell LLP, 3000 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201, mhelt@gardere.com; mhaynes@gardere.com, tscannell@gardere.com; (d) counsel for the Stalking Horse Bidder, Brad Weiland, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, bweiland@kirkland.com; and (e) Office of the United States Trustee's Office, Sherri L. Wattenbarger, Trial Attorney, 400 East 9th Street, Room 3440, Kansas City, Missouri, sherri.wattenbarger@usdoj.gov.

t.   Any person failing to timely file an objection to the Supplemental Motion shall be barred from objecting to the Supplemental Motion, including the sale of the assets in accordance with the Stalking Horse APA, free and clear of any and all liens, claims, encumbrances and interests and will be deemed to consent to the Transaction(s), including the sale of Debtor's assets in accordance with the Stalking Horse APA free and clear of any and all liens, claims, encumbrances and other interests.

u.   For cause shown, notwithstanding Bankruptcy Rules 6004, 6006, or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 6006(d) are waived.

  v.  The terms of this Order shall control to the extent of any conflict with the Supplemental Motion or the Bid Procedures.

  w.  This Order shall become effective immediately upon its entry.

  x.  The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

  y.  Copies of the all of the pleadings and documents described herein, together with any and all exhibits, schedules and attachments, may be obtained from the following website—http://dm.eqip11.com/MSS or by contacting Lisa Epps at lepps@spencerfane.com.

Date: March 22, 2016

        /s/ Cynthia A Norton
        HONORABLE CYNTHIA A. NORTON
        United States Bankruptcy Judge

Attorney for Debtor to Serve