# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| **MID-STATES SUPPLY COMPANY, INC.,** ) | |
| ) | **Case No. 16-40271-can11** |
| ) | |
| **Debtor.** ) | |

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. §§ 105(a), 501 AND 503 AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

This matter having come before this Court on Debtor's Motion For Order Establishing Deadline for Filing Proofs of Claim and Applications for Administrative Expenses Pursuant to 11 U.S.C. §§ 105(a), 501 and 503 and Approving the Form and Manner of Notice Thereof (the "Motion"),[1] the Court finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) proper and adequate notice of the Motion has been given, no objections have been filed, and no other or further notice is necessary; (d) Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; (e) granting the Motion is in the best interests of Debtor, its Estate and the creditors thereof; and (f) on the record herein and after due deliberation thereon, good and sufficient cause exists for granting the relief requested therein; accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is granted to the extent set forth herein.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Proofs of Claim**

2.  Except as otherwise provided herein, all persons (as defined in 11 U.S.C. § 101(41)) and entities (as defined in 11 U.S.C. § 101(15)), including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, (as defined in 11 U.S.C. § 101(27)) and all governmental units (all such persons, entities, and governmental units collectively, the "Entities" and each, an "Entity") holding or wishing to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against Debtor that arose prior to the Petition Date, including any claim arising under 11 U.S.C. § 503(b)(9) (each a "Claim," and, collectively, the "Claims"), shall file proof of such Claim in writing so that it is actually received on or before **October 3, 2016 at 4:00 p.m. (prevailing Central Time)** (the "Proofs of Claim Bar Date"), or be barred from doing so.

3.  Except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, all Entities holding or wishing to assert a Claim relating to Debtor's rejection of an executory contract or unexpired lease shall file a proof of such Claim in writing so that it is actually received on or before the later of (a) the Claims Bar Date or (b) 30 days after the date of the entry of any order authorizing the rejection of such contract or lease (the "Rejection Claim Bar Date"), or be barred from doing so.

4.  If Debtor amends or supplements its Schedules subsequent to the date hereof, Debtor shall give notice of any amendment or supplement to Entities holding Claims directly affected thereby, and such Entities holding or wishing to assert a Claim against Debtor that arose prior to the Petition Date, shall file proof of such Claim in writing so that it is actually received on or before 30 days from the date of service of such notice (the "Amended Schedule Bar Date"

and, together with the Proofs of Claim Bar Date and the Rejection Claim Bar Date, the "Claim Bar Dates"), or be barred from doing so.

5. The following procedures for the filing of proofs of claim shall apply:

a. Proofs of Claim must conform substantially to Official Bankruptcy Form No. 410;

b. Proofs of Claim must: (i) include an original signature; (ii) include supporting documentation (if voluminous, a summary must be attached) or an explanation as to why documentation is not available; (iii) set forth with specificity the legal and factual basis for the alleged Claims; (iv) be in the English language; and (v) be denominated in United States currency;

c. Any proof of Claim asserting a claim under 11 U.S.C. §503(b)(9) ("Section 503(b)(9) Claim") must also: (i) include the value of the goods delivered to and received by Debtor within 20 days before the Petition Date; (ii) include supporting documentation identifying the particular invoices for which the Section 503(b)(9) Claim is being asserted; and (iii) include documentation of any reclamation demand made to Debtor under section 546(c) of the Bankruptcy Code (if applicable);

d. Entities who wish to receive proof of receipt of their proofs of Claim from the Bankruptcy Claims Agent must also include with their proof of Claim a copy of their proof of Claim and a self-addressed, stamped envelope; and

e. Each original proof of Claim, including supporting documentation, must be filed by either: (i) filing in person or via electronic filing with the Clerk of the Court or (ii) transmitting via first class U.S. mail, overnight mail, or hand delivery to the Bankruptcy Claims Agent. However filed, the proof of Claim must actually be received

by either the Clerk of the Court or Bankruptcy Claims Agent on or before the applicable Bar Date in accordance with the procedures set forth herein.

6. Entities holding the following Claims need not file a proof of claim on or prior to the Bar Date:

 a. any Claim for which a proof of Claim in a form substantially similar to Official Bankruptcy Form No. 410 has already been filed against Debtor with the Clerk of the Court or Bankruptcy Claims Agent;

 b. any Claim listed in Debtor's Schedules or any amendments thereto, which are not (i) therein listed as "contingent," "unliquidated," "disputed," or any combination thereof, (ii) disputed by the Entity holding such Claim as to nature, amount, or classification, and (iii) disputed by the Entity holding such Claim as an obligation of Debtor;

 c. any Claim which heretofore has been allowed by order of the Court;

 d. any Claim which has been paid in full by Debtor;

 e. any Claim for which specific deadlines have previously been fixed by the Court;

 f. any Claim allowable under 11 U.S.C. §§ 503(b) and 507(a)(2) as an expense of administration of Debtor's estate, with the exception of Section 503(b)(9) Claims (which Section 503(b)(9) Claims shall be subject to the Proofs of Claim Bar Date); provided, however, Claim allowable under 11 U.S.C. §§503(b) and 507(a)(2) shall be subject to the Administrative Expense Bar Date described below; and

 g. any Claim made by any Entity holding equity securities of Debtor solely with respect to such Entity's ownership interest in or possession of such equity securities;

provided that any such Entities holding or wishing to assert a Claim against Debtor based on a transaction in any of Debtor's securities, including, without limitation, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of such Claim on or prior to the applicable Bar Date; provided further that Debtor reserves all rights with respect to any such Claims including, inter alia, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

7. Proofs of Claim may be filed with the Clerk of the Bankruptcy Court, or transmitted to the Bankruptcy Claims Agent via first-class mail or hand-delivery / overnight mail to the following address:

> If by First-Class Mail:
>
>> Mid-States Supply Company, Inc. Claims Processing Center
>> c/o Epiq Bankruptcy Solutions, LLC
>> P.O. Box 4421
>> Beaverton, OR 97076-4421
>
> If by Hand-Delivery or Overnight Mail:
>
>> Mid-States Supply Company, Inc. Claims Processing Center
>> c/o Epiq Bankruptcy Solutions, LLC
>> 10300 SW Allen Blvd.
>> Beaverton, OR 97005

**Administrative Expenses**

8. All Entities that hold or assert an administrative expense as set forth in 11 U.S.C. § 503(b) (other than under 11 U.S.C. § 503(b)(9) which are subject to the Proofs of Claim Bar Date as set forth above) against Debtor or Debtor's estate, shall file an application for allowance of such administrative expense (the "Administrative Expense Application") by the deadline set forth below (the "Administrative Expense Bar Date" and, together with the Claims Bar Dates, the "Bar Dates"); provided, however, that (a) holders of claims of professionals retained in the Bankruptcy Case for professional fees and expenses, shall be exempted from the Administrative

Expense Bar Date; and (b) claims arising after the Administrative Expense Bar Date, shall be exempted from the Administrative Expense Bar Date.

9. Except as otherwise provided herein, any person or entity asserting an administrative expense against Debtor shall file an Administrative Expense Application so that it is received, as provided in paragraph 10 below, on or before **October 3, 2016 at 4:00 p.m. (prevailing Central Time)**.

10. Administrative Expense Applications must be filed via this Court's CM/ECF system. Administrative Expense Applications filed via CM/ECF will be deemed timely filed only if actually received by the Court on or before the Administrative Expense Bar Date.

11. The following Entities need NOT file an Administrative Expense Application: (a) holders of claims that are not of the kind specified in 11 U.S.C. § 503(b); (b) any person or entity that has already properly filed an Administrative Expense Application with the Bankruptcy Court; (c) professionals retained in the captioned case pursuant to orders of this Court that assert administrative expenses for fees and expenses subject to this Court's approval pursuant to 11 U.S.C. §§ 330, 331 and 503(b); and (d) holders of claims arising under Section 503(b)(9), which such claims may be filed as proofs of Claim.

12. Any person or entity that is required to file a timely Administrative Expense Application and who fails to do so on or before the Administrative Expense Bar Date shall be forever barred, estopped, and enjoined from asserting such claim (or filing a proof of claim or application for payment of administrative expense with respect thereto) against Debtor or its estate. In accordance with 11 U.S.C. § 503(a), requests for payment of an administrative expense must be made by separate request for payment and will not be deemed proper if made by a proof of claim.

13. Nothing in this Order shall prejudice the right of Debtor or any other party in interest herein to dispute, or to assert offsets or defenses to, any Administrative Expense Application as to amount, liability, characterization, or otherwise.

**Notice of Bar Dates**

14. No later than five (5) business days after the entry of this Order, Debtor shall provide notice of the Bar Dates by mailing a copy of the Bar Dates Notice, attached as **Exhibit A** to the Motion, by first-class United States mail to all known persons and entities holding potential claims or administrative expenses against Debtor, including:

   a. the United States Trustee;

   b. counsel for the Committee;

   c. all known holders of claims listed on Debtor's Schedules at the addresses stated therein;

   d. all Parties known to Debtor as having potential administrative expenses against Debtor's Estate;

   e. all counterparties to any executory contracts and unexpired leases listed on Debtor's Schedules at the addresses stated therein;

   f. all parties to litigation with Debtor (as of the entry of the Bar Date Order);

   g. applicable federal, state, and local taxing authorities; and

   h. all parties who have requested notice pursuant to Bankruptcy Rule 2002.

15. The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of Debtor if it is served by being deposited in first-class United States mail (or electronic mail) no later than five (5) business days after the entry of this Order to all parties listed in paragraph 14 above.

**IT IS SO ORDERED**.

Date: August 18, 2016

/s/ Cynthia A Norton
The Honorable Cynthia A. Norton
United States Bankruptcy Judge


Submitted by:

**SPENCER FANE LLP**


By: /s/ Lisa A. Epps
　　Scott J. Goldstein, MO Bar No. 28698
　　Lisa A. Epps, MO Bar No. 48544
　　Eric L. Johnson, MO Bar No. 53131
　　1000 Walnut Street, Suite 1400
　　Kansas City, MO  64106
　　Tel:  816-474-8100
　　Fax:  816-474-3216

ATTORNEYS FOR DEBTOR