TRANSMITTAL OF QUARTERLY
POST CONFIRMATION REPORT WITH CERTIFICATION
FOR THE QUARTER ENDED:
MARCH 31, 2017

In re:

Mid-States Supply Company, Inc.

Debtor

Case No. 16-40271
Chapter 11

Debtor, affirms that:

1. The attached Chapter 11 Post Confirmation Report for the quarter ended MARCH 31, 2017, which includes the Total Disbursement for Quarter, the Summary of Amounts Distributed Under the Plan and the Summary of Status on Consummation of Plan has been reviewed and the report as prepared fairly and accurately reflects the debtor's complete disbursement/distribution activity and status for the period stated.

2. The individual responsible for preparing the attached report was Areya Holder Aurzada whose title is Trustee. Any questions regarding the attached report should be directed to Areya Holder Aurzada at telephone number (972) 438-8800.

3. The debtor is in compliance with the provisions of the confirmed Chapter 11 Plan except as listed below (Attach additional documentation if necessary):
The Trustee has NOT received most of the Debtor's books and records.

4. The undersigned is authorized to file this report on behalf of the debtor.

**It is certified hereby, under penalty of perjury, that the information provided herein is true and correct to the best of my knowledge and belief.**

Dated: 4/20/2017

Debtor
By: _[signature]_
Signature

Areya Holder Aurzada
Typed or printed name

Chapter 11 Trustee
Title

CHAPTER 11 POST CONFIRMATION REPORT
FOR QUARTER ENDED
MARCH 31, 2017

Debtor: Mid-States Supply Company, Inc.  Case No. 16-40271

Total Disbursement for Quarter

All disbursements made by the debtor during the current quarter, whether under the plan or not, must be accounted for and reported herein for the purpose of calculating quarterly fees.

Total Disbursements: $ $264,811.34

Summary of Amounts Distributed Under Plan:

| | Current Quarter | Paid to Date | Balance Due |
|---|---|---|---|
| **A. Fees and Expenses** | | | |
| 1. Trustee Compensation | | | |
| 2. Fee for Attorney for Trustee | | | |
| 3. Fee for Attorney for Debtor | | | |
| 4. Other Professionals | 263,411.34 | 263,411.34 | 0.00 |
| 5. All expenses, including trustee | 1,400.00 | 1,400.00 | 0.00 |
| **B. Distributions** | | | |
| 6. Secured Creditors | | | |
| 7. Priority Creditors | | | |
| 8. Unsecured Creditors | | | |
| 9. Equity Security Holders | | | |
| 10. Other Payments or Transfers | | | |
| Total Plan Payments (Sum of Lines 1-10) | $264,811.34 | $264,811.34 | $0.00 |

Summary of Status of Consummation of Plan

Plan Payments are Current                                          Yes X   No ____
  If no, attach explanatory statement identifying payments not made
  (by creditor, amount and date due), reason for non-payment, and
  an estimated date as to when payments will be brought current.

Quarterly fee due to the United States Trustee are current:       Yes X   No ____

Anticipated date of final report/motion for final decree:         12/31/18

CHAPTER 11 POST CONFIRMATION REPORT (CONT.)
FOR QUARTER ENDED
MARCH 31, 2017

Value of Liquidating Trust Assets as of Quarter Ended

1. *Liquidated Assets*

    A. **Cash on deposit**:   $668,829.78 (Total Deposits received in the First Quarter of 2017)

    $264,811.34 (Total Disbursements made in the First Quarter of 2017)

    $404,018.44 (as of March 31, 2017 – Quarter Ended)

2. *Unliquidated Assets*[1]

    A. **Real Property**: Undeveloped tract of land located in Killdeer, North Dakota, as disclosed and described in more detail in Section 55.27 on page 14 of the Debtor's Schedule A/B filed at Docket Number 193 in the Bankruptcy Case ("Schedules"). The real property's estimated value is $38,324.12. The Liquidating Trustee, with the unanimous written approval of the Liquidating Trust Advisory Board, hired Debra Harsche of Continental Real Estate, Inc. as the estate's realtor and broker to liquidate this real property. The property is currently listed for sale through Ms. Harsche.

    B. **Claims, Causes of Action and Litigation**: The claims and causes of action held by the Liquidating Trust, include, without limitation, D&O insurance policy recovery, avoidance actions, claims against insiders, and all other rights, claims and causes of action to be determined upon the investigation of the Liquidating Trustee and her professionals. The Debtor's Schedules disclose $24,000,000.00 in transfers to non-insiders in the 90 days prior to the Debtor's bankruptcy petition date. The Liquidating Trustee and her professionals are currently conducting their investigation regarding the viability of such assets, and such investigation remains ongoing as of the date of March 31, 2017 (First Quarter Ended). Such investigation requires full access to the Debtor's books and records, which the Liquidating Trustee has not yet been provided. The Debtor's books and records were sold to the Purchaser (as defined below) in the sale transaction approved by the Bankruptcy Court, and the Purchaser has not yet provided the requisite books and records to the Liquidating Trustee.

---

[1] The values assigned to the Liquidating Trust's unliquidated assets herein are based on the disclosures contained in the Schedules and the *Corrected Disclosure Statement with Respect to Joint Chapter 11 Plan of Liquidation* [Dkt. 560] ("Disclosure Statement"). The values disclosed in the Schedules and Disclosure Statement are based on the Debtor's knowledge of such assets as of the date filed. The actual value of such assets may vary depending on the Liquidating Trustee's actions required to liquidate the same. The Liquidating Trustee reserves all rights to amend the values estimated herein based on the liquidation of such assets in due course of administering the Liquidating Trust's estate.

C. **Preferred Equity Interests**: Pursuant to the terms of the sale transaction between the Debtor and SSC Mid States Supply Inc. ("Purchaser"), as approved by the Bankruptcy Court, $1,350,000.00 in preferred equity interests is to be transferred to the Liquidating Trust for the benefit of unsecured creditors. The Liquidating Trust is not currently in possession of such funds.

Amount of Estate Liabilities as of Quarter Ended

1. *Professional Fees*: The deadline for professionals to submit final applications for compensation was March 6, 2017. Gardere Wynne Sewell LLP, counsel to the Official Committee of Unsecured Creditors in the Bankruptcy Case, was the only party to submit a final fee application for professional compensation. After no objections were filed, the Bankruptcy Court entered its final order awarding final compensation to Gardere Wynne Sewell LLP in the amount of $401,704.50 and reimbursement of final expenses in the amount of $11,706.84. After deduction for $150,000.00 previously delivered to Gardere Wynne Sewell LLP by Wells Fargo Bank, N.A. for such fees, the Liquidating Trust disbursed a total of $264,811.34 to Gardere Wynne Sewell LLP in complete and final satisfaction of all professional fee claims due and owing by the Liquidating Trust in this case. All claims against the Liquidating Trust for professional fees and expenses have been completely satisfied in full.

2. *Administrative Claims*: February 19, 2017, was the deadline for parties seeking administrative expense priority to submit written applications for such relief in the Bankruptcy Court. As of the Quarter Ended, a total of six (6) applications for administrative expenses were filed in the Bankruptcy Case. As of the Quarter Ended, five (5) of the six (6) applications were resolved by agreed order for a total of $37,055.53 in allowed administrative expense claims. As of the Quarter Ended, the only unresolved application for administrative expense remains pending and filed by Teamsters Local Union No. 541 ("Union") at Docket Number 526. The Union's application is subject to pending litigation by the Liquidating Trustee. The Union seeks approximately $350,000 in administrative expense priority. Based on information from counsel to the Union, the Union is expected to amend the amount of its administrative claim. Such amendment remains forthcoming as of the Quarter Ended. In addition to the $37,055.53 in allowed administrative expenses via written application, claimants seeking administrative priority under 11 U.S.C. § 503(b)(9) (for goods received by the Debtor within 20 days before the Debtor's bankruptcy filing), have submitted proofs of claim for such priority in the amount of $289,439.04 ("503(b)(9) Claims"). The Liquidating Trustee's objection deadline to all administrative claims, including the 503(b)(9) Claims, is currently set as July 19, 2017. The Liquidating Trustee and her professionals are currently conducting their investigation regarding the allowed amount and classification of all administrative claims applications, including the 503(b)(9) Claims, and such investigation remains ongoing as of the date of March 31, 2017 (First Quarter Ended). Such investigation requires full access to the Debtor's books and records, which the Liquidating Trustee has not yet been provided. The Debtor's books and records were sold to the Purchaser in the sale transaction approved by the Bankruptcy Court, and the Purchaser has not yet provided the requisite books and records to the Liquidating Trustee. Accordingly, as of

the Quarter Ended, the Liquidating Trustee's administrative claims reconciliation process remains open and ongoing. As such, the Liquidating Trustee is unable to calculate a final balance of allowed administrative claims in this case at this time. The administrative claims identified and described in this subparagraph are subject to further reconciliation and adjustment by the Liquidating Trustee.

3. *Priority Unsecured Claims*: As of the Quarter Ended, the deadline for parties to file priority claims expired. As of the Quarter Ended, the Debtor estimates priority tax claims in the amount of approximately $150,000.00. As of the Quarter Ended, the Debtor estimates non-tax priority claims in the amount of approximately $370,000.00. This figure is based on the claims filed prior to the claims submission deadline in the Bankruptcy Case. The Liquidating Trustee's objection deadline to all unsecured claims, including the priority claims, is currently set as August 21, 2017. The Liquidating Trustee and her professionals are currently conducting their investigation regarding the allowed amount and classification of all priority claims filed, and such investigation remains ongoing as of the date of March 31, 2017 (First Quarter Ended). Such investigation requires full access to the Debtor's books and records, which the Liquidating Trustee has not yet been provided. The Debtor's books and records were sold to the Purchaser in the sale transaction approved by the Bankruptcy Court, and the Purchaser has not yet provided the requisite books and records to the Liquidating Trustee. Accordingly, as of the Quarter Ended, the Liquidating Trustee's priority claims reconciliation process remains open and ongoing. As such, the Liquidating Trustee is unable to calculate a final balance of allowed priority claims in this case at this time. The priority claims identified and described in this subparagraph are subject to further reconciliation and adjustment by the Liquidating Trustee.

4. *General Unsecured Claims*: As of the Quarter Ended, the deadline for parties to file claims expired. As of the Quarter Ended, the Debtor estimates unsecured claims in the amount of approximately $57,000,000.00. This figure is based on the claims listed in the Debtor's Schedules and the claims filed prior to the submission deadline in the Bankruptcy Case. The Liquidating Trustee's objection deadline to all unsecured claims is currently set as August 21, 2017. The Liquidating Trustee and her professionals are currently conducting their investigation regarding the allowed amount and classification of all unsecured claims filed, and such investigation remains ongoing as of the date of March 31, 2017 (First Quarter Ended). Such investigation requires full access to the Debtor's books and records, which the Liquidating Trustee has not yet been provided. The Debtor's books and records were sold to the Purchaser in the sale transaction approved by the Bankruptcy Court, and the Purchaser has not yet provided the requisite books and records to the Liquidating Trustee. Accordingly, as of the Quarter Ended, the Liquidating Trustee's unsecured claims reconciliation process remains open and ongoing. As such, the Liquidating Trustee is unable to calculate a final balance of allowed unsecured claims in this case at this time. The unsecured claims identified and described in this subparagraph are subject to further reconciliation and adjustment by the Liquidating Trustee.

5. *Wells Fargo Subordinated Claim*: As of the Quarter Ended, Wells Fargo Bank, N.A. ("Wells Fargo") asserts an unsecured deficiency claim remaining after the application of liquidation proceeds from Wells Fargo's collateral obtained through the sale of such assets to the Purchaser. The entire balance of Wells Fargo's unsecured deficiency claim is fully subordinated to the general unsecured claims identified above. As of the Quarter Ended, the Liquidating Trustee is unable to calculate a final balance of Wells Fargo's unsecured deficiency claim in this case at this time. There are unresolved claims in the Bankruptcy Case that may impact the calculation of Wells Fargo's unsecured deficiency claim. Wells Fargo's unsecured deficiency claim identified and described in this subparagraph is subject to further reconciliation and adjustment by the Liquidating Trustee.