UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: | ) |
| | ) In Proceedings Under Chapter 11 |
| MID-STATES SUPPLY COMPANY, INC. | ) |
| | ) BK 16-40271-11 |
| Debtor. | ) |

**ORDER ALLOWING PRIORITY UNSECURED CLAIM OF**
**STEVEN BOSTON AND GRANTING RELATED RELIEF**

This matter comes before the Court on: (a) the Omnibus Objection To Claims (the "Claims Objection") filed by Areya Holder Aurzada (the "Liquidating Trustee") [Doc. 654] asserting, among other things, objections to claims for payment (the "Claims") against the bankruptcy estate of Mid-States Supply Company, Inc. (the "Debtor") under the United States Bankruptcy Code (the "Bankruptcy Code") asserted in a certain proof(s) of claim filed by Steven Boston (the "Claimant"); and (b) a proposed resolution of the Claims Objection and the response of Claimant to the Liquidating Trustee's Claim Objection [Doc. 667] ("Response"), between the Liquidating Trustee and Claimant as it pertains to Claimant's Priority Unsecured Claim and certain related items thereto.

THEREFORE, it is hereby:

ORDERED, that Claimant holds a single allowed priority unsecured claim under 11 U.S.C. § 507(a)(4)(A) against the Debtor's estate in the amount of $10,410.87 (the "Priority Unsecured Claim"), and Claimant's Priority Unsecured Claim shall be the only allowed claim in this Bankruptcy Case to which Claimant, whether jointly or severally, is entitled to hold; and it is further

ORDERED, that any and all other claims or proofs of claim (i) filed in the Claims Register of this case by Claimant, (ii) delivered to the Claims Agent in this case by Claimant, or

(iii) otherwise submitted, listed or requested in any manner in this Bankruptcy Case for the allowance or payment of any claims in favor of Claimant (collectively, the "Duplicative Proofs of Claim") are duplicative of Claims Agent Proof of Claim No. 930, submitted by Claimant to the Claims Agent in this case (the "Remaining Proof of Claim"), and that the Duplicative Proofs of Claim shall be disallowed and expunged in their entirety, with the Remaining Proof of Claim to be allowed to the extent modified, if any, in the respective amount and priority set forth herein above under the parameters of the Priority Unsecured Claim.

    SO ORDERED.

Entered:  __October 30, 2017_     _/s/ Cynthia A. Norton_____
                                                       HONORABLE CYNTHIA A. NORTON
                                                       United States Bankruptcy Judge

Agreed to in form and content:

GARDERE WYNNE SEWELL LLP

| */s/ Thomas C. Scannell*_____ | */s/ Steve Boston*_____ |
|---|---|
| Marcus A. Helt (MO 50374) | Steven Boston |
| Thomas C. Scannell (TX 24070559) | 2506 Ivy Lane |
| 2021 McKinney Avenue, Suite 1600 | Decatur, IL 62521 |
| Dallas, TX 75201 | (618) 972-2445 |
| Telephone: 214-999-3000 | Email: lsboston@comcast.net |
| Facsimile: 214-999-4667 | |
| mhelt@gardere.com | *PRO SE* |
| tscannell@gardere.com | |

COUNSEL FOR THE LIQUIDATING TRUSTEE